IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| GIGI SIMMONS, as the Administrator of the Estate of Bruce Simmons, deceased, on behalf of herself and a class of others similarly situated, | ) ) ) ) | |
| | ) | Case No. |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| BRISTOL-MYERS SQUIBB COMPANY, and as-yet unknown Insurance Company, | ) ) ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

Now Comes Plaintiff, Gigi Simmons, by her undersigned counsel, as the Administrator of the Estate of Bruce Simmons, deceased, and seeks to recover declaratory relief and to recover life insurance benefits that Defendant may have received from the deaths of Bruce Simmons and other rank-and-file employees. Plaintiff asks to maintain this suit as a class action.

### JURISDICTION AND VENUE

1. The Court has jurisdiction over these claims under 28 U.S.C. § 1332 because the Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs; as well as under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), because the proposed class contains more than 100 members, the aggregate amount in controversy exceeds $5,000,000, and the Plaintiff resides in a state different from that of the Defendant. Venue is appropriate in this district because the Defendant is subject to personal jurisdiction in the Northern District of Illinois. 28 U.S.C. § 1391(a).

## THE PARTIES

2. Gigi Simmons is a citizen of Illinois who resides in Bolingbrook, Illinois. She sues on behalf of the Estate of Bruce Simmons, deceased. Mr. Simmons passed away on August 16, 2012 in Illinois. Mr. Simmons died intestate and was survived by his daughter and his wife, Gigi Simmons, who is the duly appointed personal representative of his estate.

3. Bristol-Myers Squibb Company is a Delaware Corporation having its principal place of business and executive offices at 345 Park Avenue, New York, New York 10154. It may be served with legal process through Lamberto Andreotti, its Chief Executive Officer, at 345 Park Avenue, New York, New York 10154.

## BACKGROUND FACTS

4. Bruce Simmons passed away on August 16, 2012 while employed by Bristol-Myers Squibb. Following Mr. Simmons' death, Gigi Simmons contacted a third-party financier to borrow the money necessary for her husband's funeral expenses. She gave the third-party financier documents concerning the relatively modest life insurance her husband purchased through Bristol-Myers Squids' benefits department, but Bristol-Myers' benefits department would not verify the coverage when it was contacted by the third-party financier.

5. Sam Rawls of the Rawls Funeral Home next tried to help Ms. Simmons obtain financing for Mr. Simmons' funeral, and he too called Bristol-Myers' benefits department to verify Mr. Simmons' life insurance coverage. This time, however, an employee of the Bristol-Myers' benefits department told Mr. Rawls that there was a $6,000,000 policy on Mr. Simmons' life. Astonished at the amount of the coverage, Mr. Rawls began to question the Bristol-Myers employee about the policy. The employee refused to give Mr. Rawls any additional information and said she probably "was not supposed to have said anything about it."

6. The employee's statement that Mr. Simmons was covered by a $6,000,000 policy was astonishing because it was many times greater than any policy Mr. Simmons had ever purchased. Based on the statement of the Bristol-Myers Squibb employee that Mr. Simmons was covered by a $6,000,000 life insurance policy Gigi Simmons believes, and therefore alleges, that Bristol-Myers bought a policy of "corporate-owned life insurance" to insure her husband's life and named Bristol-Myers, or some entity that benefited Bristol-Myers, as the policy beneficiary.

7. Bruce Simmons was not an officer of Bristol-Myers. He was not a member of the company's board of directors and was not a key employee. He was not indebted to the company and was not related to Bristol-Myers by blood or marriage. Mr. Simmons was a rank-and-file employee of the company. He was never informed about any policy of corporate-owned life insurance that insured his life and he never consented to such a policy.

## INDIVIDUAL CLAIM

8. Bristol-Myers did not have an insurable interest in Bruce Simmons' life. Moreover, Bristol-Myers could not have formed a reasonable belief that it had a $6,000,000 interest in his life at the time it bought the policy or that it would sustain a $6,000,000 pecuniary loss as a result of Mr. Simmons' death.

9. When life insurance is payable to a beneficiary who has no insurable interest and the insurer pays the same, the beneficiary will hold the amount so paid as trustee for the estate of the insured person. Bristol-Myers therefore holds in trust for the benefit of the Estate of Bruce Simmons any policy benefits Bristol-Myers (or a trust it created) received as a result of Mr. Simmons' death.

## CLASS ALLEGATIONS

10. Named Plaintiff Gigi Simmons seeks to pursue claims both for herself and for a class of others similar situated. She seeks a judicial declaration that Bristol-Myers Squibb has no insurable interest in its employees whose lives were or are insured by a policy of corporate owned life insurance and, upon that declaration, a final judgment awarding the estates of the deceased employees their life insurance benefits that are held in trust, and awarding current employees the right to assume the payments under the life insurance policy. Plaintiff Simmons seeks status as a class representative.

11. The individuals in the class are anticipated to be numerous such that joinder of all members is impractical. There are questions of law and fact common to the claims of the class, and Plaintiff Simmons' claims are typical of those of the other class members. Plaintiff Simmons will fairly and adequately represent the interests of the class. She has retained skilled counsel with experience in class action litigation to represent the class.

## REQUEST FOR CLASS CERTIFICATION

12. The Plaintiff requests certification under FED. R. CIV. P. 23(b)(2) and (b)(3) of a plaintiff class defined as:

> The present and former employees of Bristol-Myers Squibb for whom Bristol-Myers Squibb obtained coverage under a corporate-owned life insurance policy. Excluded from this definition is any officer of Bristol-Myers Squibb or any member of its board of directors;

and a plaintiff sub-class defined as:

> The estates of Bristol-Myers Squibb's deceased employees whose lives were insured by a policy of corporate-owned life insurance. Excluded from this definition are the estates of any officer of Bristol-Myers Squibb or the estate of any member of its board of directors.

13. Gigi Simmons, as the Administrator of the Estate of Bruce Simmons, requests a judicial declaration that Bristol-Myers Squibb did not have an insurable interest in Mr. Simmons' life and, upon that declaration, a final judgment awarding the Estate all of the life insurance benefits that are held in constructive trust by Bristol-Myers Squibb or a trust it created.

14. To the extent that the unknown insurance company has not yet paid out Mr. Simmons' life insurance benefits, Plaintiff seeks a judicial declaration that requires the unknown insurance company to pay the entirety of Mr. Simmons' life insurance benefits to his Estate.

15. The Plaintiff further requests a judicial declaration that Bristol-Myers Squibb did not have an insurable interest in any of the putative class members' lives and, upon that declaration, a final judgment that requires the unknown insurance company to pay all life insurance benefits for the class members to the Estates of the class members, rather than to Bristol-Myers Squibb and /or a trust created by Bristol-Myers Squibb.

16. The Plaintiff further requests a judicial declaration requiring the unknown insurance company to allow any class members still living to assume the payments and therefore to maintain in effect any life insurance coverage, and to name a beneficiary for that policy.

17. The Plaintiff further requests that she be appointed as the class representative and that her attorneys be appointed as class counsel.

**PRAYER**

The Plaintiff and members of the plaintiff class ask for the following:

(a) a final judgment declaring that Bristol-Myers Squibb, or a trust it created to receive the policy benefits, did not have the necessary insurable interest in the life of Bruce Simmons, or the employees and decedents of the estates comprising the putative plaintiff class;

(b) a final judgment awarding the Plaintiff and members of the putative plaintiff class all benefits that Bristol-Myers, or a trust it created to receive the policy benefits, received from the deaths of Bristol-Myers Squibb's rank-and-file employees;

(c) a final judgment requiring the unknown insurance company to pay all life insurance benefits not yet paid to Bristol-Myers Squibb or a trust it created to the Estate of Bruce Simmons, and the employees and decedents of the estates comprising the putative class;

(d) a final judgment requiring the unknown insurance company to allow any class members still living to assume the payments of their life insurance policy, and to name a beneficiary for that policy.

(e) pre-judgment and post-judgment interest in an amount allowed by law.

The Plaintiff prays for costs and attorneys' fees, and any other relief, in law or equity, to which she is entitled.

Respectfully submitted,

**LOEVY & LOEVY**

By: s/ Michael Kanovitz
 Michael I. Kanovitz
 Julie M. Goodwin
 312 N. May Street, Suite 100
 Chicago, IL 60607
 Telephone: (312) 243-5900
 Facsimile: (312) 243-5902
 E-mail: mike@loevy.com
  julie@loevy.com

**MCCLANAHAN ● MYERS ● ESPEY, L.L.P**.

 Michael D. Myers
 3355 West Alabama, Suite 210
 Houston, Texas 77090
 Telephone: (713) 223-2005
 Facsimile: (713) 223-3664
 E-mail: mike@mmellp.com

 *Pro Hac Vice Requested*

**ATTORNEYS FOR THE PLAINTIFF**